UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CALHOUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV683 CDP |
| | ) | |
| WAL-MART, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Defendant Wal-Mart filed a motion to dismiss, arguing that plaintiff Calhoun is judicially estopped from pursuing his claims in this Court because he failed to disclose the claims in two different bankruptcy proceedings. Calhoun does not deny his failure to disclose this pending suit in his bankruptcy filings, nor does he dispute that judicial estoppel prevents this suit from going forward. He asks that the dismissal be without prejudice.

Calhoun's failure to disclose this suit on his bankruptcy filings judicially estops the suit from proceeding. See Stallings v. Hussmann Corp., 447 F.3d 1041, 1047 (8th Cir. 2006) (citing In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir.1999)) ("In the bankruptcy context, a party may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements.").

Given that this case will be dismissed, Calhoun seeks dismissal without prejudice. Voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is inappropriate because Wal-Mart has already answered Calhoun's complaint. Under Federal Rule 41(a)(2) the Court has discretion to allow a dismissal without prejudice. "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987). The Eighth Circuit looks to four factors in deciding whether a Rule 41(a)(2) motion should have been granted: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. Id. at 783 (quoting Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)).

In applying the Paulucci factors to this case, I find that voluntary dismissal without prejudice is not appropriate. This case was filed over a year ago, the period for discovery is closed, mediation has failed, and the case is set for trial in a few months. Wal-Mart has incurred expenses in answering Calhoun's complaint, attending court conferences, deposing Calhoun, taking written discovery, participating in mediation, and filing motions to dismiss and for summary judgment. Calhoun disclosed his 2005 bankruptcy filing in his July 2006

interrogatory answers, but never disclosed the 2006 filing, and he continued to pursue this case without modifying his bankruptcy documents to disclose his interest in this legal action. Calhoun's initial failure to disclose, and continued failure to address the issue with the bankruptcy court, has excessively delayed the prosecution of this case. In fact it was defendant Wal-Mart who initially informed the Court of the pending bankruptcy proceeding after it was discussed in mediation. Calhoun's only explanation for his need for dismissal is that he is unable to work effectively with his attorney. This explanation is insufficient. In addition, Wal-Mart has incurred the expense of filing a substantive summary judgment motion in compliance with the dispositive motion deadline, although it did so after Calhoun's request for voluntary dismissal.

Based on the Paulucci factors and the purpose of rule 41(a)(2) in preventing unfair voluntary dismissals, I will deny Calhoun's request to dismiss without prejudice. I will grant Wal-Mart's motion to dismiss based on judicial estoppel and will dismiss this case with prejudice. The merits of this case will not be reached and Wal-Mart's motion for summary judgment will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#18] is GRANTED and this case is dismissed with prejudice.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [#24 & 27] is DENIED as moot.

A separate judgment in accordance with this order is entered this date.

                                                _____
                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE

Dated this 1st day of May, 2007.